10-5222-ag (L)
Zhou v. Holder
BIA
Vomacka, IJ
A089 198 254

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

NAIQIANG ZHOU,
> *Petitioner,*

v.                                        10-5222-ag (L);
                                          11-2667-ag (Con)
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*


_____

FOR PETITIONER:        Thomas V. Massucci, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Ari Nazarov,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Niaqiang Zhou, a native and citizen of the People's Republic of China, seeks review of a November 29, 2010, order of the BIA affirming the August 19, 2009, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Naiqiang Zhou*, No. A089 198 254 (B.I.A. Nov. 29, 2010), *aff'g* No. A089 198 254 (Immig. Ct. N.Y. City Aug. 19, 2009). Zhou also seeks review of a May 31, 2011, order of the BIA denying his motion to reopen. *In re Naiqiang Zhou*, No. A089 198 254 (B.I.A. May 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

**I.    2010 Order of Removal**

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan*

2

*Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Zhou's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167.

The IJ's adverse credibility determination is supported by substantial evidence. The IJ reasonably based his credibility finding on: (1) inconsistencies between Zhou's testimony that a raid on his house church occurred during a baptism on Easter and a letter from fellow church member Jie

3

Bin Hu that failed to mention the raid; (2) Zhou's evasive demeanor and non-responsive answers in explaining Hu's omission and his own absence from the baptism; and (3) Zhou's failure to provide reliable letters from church members present during the Easter raid or the raid during which Zhou allegedly was arrested. Moreover, the IJ reasonably rejected Zhou's explanation for Hu's failure to mention the Easter raid. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Given the inconsistencies between Zhou's testimony and Hu's letter, as well as the IJ's demeanor finding and the lack of reliable corroborating evidence, the totality of the circumstances supports the agency's adverse credibility determination.

Zhou argues that, despite the IJ's adverse credibility determination, he established a well-founded fear of persecution based on his credible testimony that he practices Christianity and on the background materials he submitted. However, the IJ reasonably found that Zhou, who testified that he attended small house church meetings of eleven members, failed to demonstrate that he would be persecuted in China, because the 2007 and 2008 State Department reports he submitted showed that the Chinese

4

government's treatment of unregistered Christian church members varied, and that small gatherings were "quietly tolerated."  Because Zhou was unable to show the objectively reasonable fear of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**II.  2011 Motion to Reopen**

The BIA's denial of Zhou's motion to reopen as untimely was not an abuse of discretion.  *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).  A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened.  8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).  There is no dispute that Zhou's March 2011 motion was untimely, as the final administrative order was issued in November 2010.  The time limitation does not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also*

5

8 U.S.C. § 1229a(c)(7)(C)(ii).  However, substantial evidence supports the BIA's finding that Zhou failed to establish changed circumstances in China.  *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).

Zhou contends that the letters he submitted from his wife and friend in China demonstrated changed circumstances in that Chinese officials had become aware of his involvement in house churches and sought to arrest him.  As the BIA reasonably found, however, the letter from his wife he submitted at his merits hearing similarly asserted that the Chinese police knew about his church activities and had previously questioned his wife as to his whereabouts. Furthermore, given the underlying adverse credibility determination, the BIA did not abuse its discretion in declining to credit Zhou's evidence.  *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147-48 (2d Cir. 2007).

Because the evidence Zhou submitted was insufficient to establish a change in the Chinese government's treatment of house church members, the BIA did not abuse its discretion in concluding that Zhou failed to meet an exception to the filing deadline and, accordingly, in denying his untimely motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii); 8 C.F.R. § 1003.2(c)(2), (3).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, Petitioner's motion for a stay of removal in this petition is DISMISSED as moot. His pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk